IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODGER M. ZIOLKOWSKI, | : CIVIL ACTION NO.: |
| Plaintiff | : |
| v. | : COMPLAINT |
| MONDELEZ GLOBAL, IRENE ROSENFELD, ROBIN HARGROVE, FRANK SABELLA, and MICHAEL KENNAN | : ASSIGNED TO: |
| Defendants | |

PLAINTIFF'S COMPLAINT

1. This Court has federal question subject matter jurisdiction pursuant to Age Discrimination in Employment Act of 1967 (Pub. L. 90-202) (ADEA), as amended, as it appears in volume 29 of the United States Code, beginning at section 621. The ADEA prohibits employment discrimination against persons 40 years of age or older. The Older Workers Benefit Protection Act (Pub. L. 101-433) amended several sections of the ADEA. In addition, section 115 of the Civil Rights Act of 1991 (P.L. 102-166) amended section 7(e) of the ADEA (29 U. S.C. 626(e)).

2. Venue is proper in this District pursuant to the Age Discrimination Act of 1967 because a substantial part of the acts or omissions giving rise to this action occurred in this District and because the Defendant is subject to personal jurisdiction in this District.

I. THE PARITIES

3. Plaintiff RODGER M. ZIOLKOWSKI, a resident of Berks County, Pennsylvania, was employed full-time by the Defendant as a Global Quality Program Manager (SG-13) from on or about October 1, 2012 until or about April 28, 2017.

4. Plaintiff was born during February 1962 in Reading, Berks County, Pennsylvania.

5. Plaintiff's duties as Global Quality Program Manager included global management, development and oversight of global program including: Quality Suite, Measure System Analysis, Net Contents, Finished Product Monitoring, and Statistical Process Control & Process Capability Analysis.

6. Plaintiff works from a home office, located at his place of residence at 106 Robert Road, Wyomissing, Berks County, Pennsylvania 19610.

7. Plaintiff's start date with the company is July 25, 1994.

8. Defendant MONDELEZ GLOBAL, LLC, formally known as MONDELEZ INTERNATIONAL ("MONDELEZ") is a limited liability company having a place of business located at 200 DeForest Avenue, East Hanover, Morris County, New Jersey 07936.

9. MONDELEZ is an American multinational confectionery, food, and beverage company based in Illinois which employs about 107,000 people around the world. It consists of the global snack and food brands of the former Kraft Foods Inc.

10. Defendant IRENE ROSENFELD was at all relevant times herein the Chief Executive Officer, and is the Chairman of the Board of Directors of MONDELEZ.

11. Defendant ROBIN HARGROVE is and at all relevant times herein the Executive Vice President of Research, Development & Quality of MONDELEZ.

12. Defendant FRANK SABELLA is and at all relevant times herein the Vice President for Global Quality, Food Safety, and Scientific and Regulatory Affairs of MONDELEZ.

13. Defendant MICHAEL KENNAN is and at all relevant times herein the Regional Business Integrity Officer and Security Director of MONDELEZ.

II. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if full set forth herein.

15. On or about October 1, 2012 Plaintiff was assigned to work at MONDELEZ under a newly created global position changing supervisors from CAROL KELLAR to PETER BEGG.

16. MONDELEZ failed to evaluate the job grade of the new position as required by Human Resources procedures where the Plaintiff retained the current grade of SG-13.

17. On or about October 1, 2012 Plaintiff was the only direct report to PETER BEGG not at a Director job grade.

18. On or about June 2013, PETER BEGG verbally explained to the Plaintiff that he will work to upgrade his position to an Associate Director level.

19. On or about August 2013, PETER BEGG asked the Plaintiff to take on additional responsibility as the Global Co-Lead for the Quality Management Pillar as part of the Integrated Lean Six Sigma Program.

20. On or about April 2014, Plaintiff became the sole Global Pillar Leader for the Quality Management.

21. On or about June 2014, Plaintiff presented an organizational plan to enhance performance of the Quality Management Pillar with job promotion for the Plaintiff to PETER BEGG.

22. On or about November 2014, Plaintiff was asked to review the Position Description for a new and re-organized Quality Management Pillar by PETER BEGG.

23. On or about November 2014, Plaintiff was informed that the new position for Quality Management Pillar was approved and would be posted by PETER BEGG.

24. On or about December 2014, Plaintiff was informed by PETER BEGG that FRANK SABELLA would not consider the Plaintiff for the new position.

25. On or about January 2015, Plaintiff was presented with the 2014 annual review with an Exceeds rating by PETER BEGG.

26. On or about January 2015, Plaintiff was presented with a Retention Bonus by PETER BEGG that was back-dated to December 31, 2014.

27. On or about February 2015, Plaintiff formally applied for the new, open position described as IL6S Field Quality Associate Director (1410569).

28. Plaintiff was not afforded an opportunity to interview for the applied position.

29. On or about March 9, 2016, Plaintiff was informed that MONDELEZ hired BEN ERICKSON, a younger and less qualified person, for the IL6S Field Quality Associate Director position.

30. On or about March 17, Plaintiff was informed that he will now report to BEN ERICKSON.

31. On or about March 2015, Plaintiff was requested to discuss this situation with KATHY REPA, Human Director for Supply Chain.

32. On or about March 2015 KATHY REPA discussed the situation with Human Resources personnel: JULIA DAVIS and ALICE BERTHOLIN RICE.

33. On or about March 2015, Plaintiff discussed concerns with JULIA DAVIS and ALICE BERTHOLIN RICE.

34. On or about March 2015, LAUREN RAMSDELL, a Quality Resource, verbally inquired with PETER BEGG as to why Plaintiff was not considered for the new position.

35. On or about April 2015, Plaintiff formally applied for a newly created position of Associate Director for Global Biscuit and Gum/Candy Quality.

36. On or about May 2015, Plaintiff went through a series of interviews for the new Associate Director position.

37. On or about July 2015 MONDELEZ hired an internal candidate, MICHAEL NOYES, for the Associate Director position, a younger and less qualified employee.

38. On or about July 2015 Plaintiff was informed by PETER BEGG and ALICE BERTHOLIN RICE that he will not be promoted to the Associate Director position.

39. On or about July 2015, Plaintiff was informed by PETER BEGG and ALICE BERTHOLIN RICE that he would be moved into a newly created position, Quality Performance Lead.

40. Newly created Quality Performance Lead position was graded at an Associate Director level.

41. On or about July 2015, Plaintiff was informed by PETER BEGG and ALICE BERTHOLIN RICE that we will be promoted in pay grade once he completed his Six Sigma Black Belt Certification.

42. On or about July 2015, Plaintiff immediately began performing in the new position reporting to PETER BEGG.

43. On or about July 2015, Plaintiff inquired with EDGAR SPAULDING, Master Black Belt as how to acquire a Black Belt Certification.

44. On or about July 2015, Plaintiff was informed by EDGAR SPAULDING that the MONDELEZ Black Belt Certification program was defuncted.

45. On or about July 2015, Plaintiff informed PETER BEGG that the Black Belt Certification program was no longer active.

46. On or about January 2016, Plaintiff received his annual performance review from PETER BEGG at an Achieved level.

47. On April 7, 2016, Plaintiff received a Black Belt Certification from ProSource an outside agency.

48. On or about April 2016, Plaintiff informed PETER BEGG and EDGAR SPAULDING that he received his Black Belt Certification.

49. On or about April 2016, Plaintiff began to work with EDGAR SPAULDING to revise the MONDELEZ Black Belt Certification program.

50. On or about April 2016, Plaintiff informed PETER BEGG that he was working with EDGAR SPAULDING to revised the MONDELEZ Black Belt Certification program.

51. On or about July 2016, Plaintiff completed all the requirements of the new MONDELEZ Black Belt Certification program as recognized by EDGAR SPAULDING, company Master Black Belt.

52. On or about July 2016, Plaintiff informed PETER BEGG that he achieved a MONDELEZ Black Belt Certification.

53. On or about July 28, 2016, Plaintiff submitted his mid-year review documentation.

54. On or about July 29, 2016, Plaintiff received Mid-Year review from PETER BEGG.

55. On or about July 29, 2016, Plaintiff learned that he received an Off-Track rating with details in the documentation that was not reviewed during the Mid-Year Review, by reviewing the documentation of the Personal Performance system.

56. On or about August 1, 2016, Plaintiff filed a formal harassment and discrimination claim against PETER BEGG and FRANK SABELLA by use of the EthicsPoint System.

57. On or about August 2016, Plaintiff was assigned an investigator from an off-shore, third-party company.

58. On or about August 2016, Plaintiff provided documentation and a list of witnesses to the investigator.

59. On or about September 2016, Plaintiff had additional conversations with the investigator.

60. On or about October 2016, Plaintiff was informed by ANDREW FUARY, that he was interviewed by the investigator and informed the investigator that FRANK SABELLA was the root of the complaint.

61. On or about December 2016, Plaintiff received feedback from the investigator that there was no evidence to substantiate the allegations and the investigation was now closed.

62. Plaintiff never did receive a report of the investigation, nor did the MONDELEZ Human Resources or Business Integrity Group discuss or review the findings of the investigation with the Plaintiff.

63. On or about January 2017, Plaintiff received his annual performance review from PETER BEGG at an Achieved level.

64. On or about January 2017, Plaintiff was informed by PETER BEGG that he will be moved to a new position under ANDREW FUARY.

65. The new position did not have an official position description or assigned objectives.

66. On or about February 6, 2017, Plaintiff moved to his new position.

67. On or about February 2017, Plaintiff was informed that PETER BEGG will be terminated from the organization.

68. On or about March 2017, Plaintiff asked that since PETER BEGG is leaving the organization if he would be about to be compensated at the appropriate level with his Black Belt Certifications.

69. On or about March 2017, Plaintiff was informed by ALICE BERTHOLIN RICE that they would not entertain discussing a pay increase unless the Plaintiff retracts their discrimination claim.

70. On or about March 2017, Plaintiff learned that the EthicsPoint investigator did not interview two important witnesses provided: LAUREN RAMSDELL and EDGAR SPAULDING.

71. On or about April 2017, Plaintiff inquired with ANDREW FUARY if a separation package was available to escape the current work environment of discrimination.

72. On or about April 2017, Plaintiff informed ANDREW FUARY his intent to retire effective April 28, 2017.

73. On April 28, 2017, Plaintiff retired from MONDELEZ due to the discriminatory practices of his management and the failure of the company to address or provide an adequate investigation.

III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for declaratory relief and all compensatory and consequential damages as follow:

A. Compensation of Plaintiff by Defendants for all pay and benefits that Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, all increases in compensation that were promised but improperly withheld, front pay, interest, salary, pay increases, bonuses, insurance, training, benefits, promotions, lost 401k and retirement benefits and seniority;

B. Compensation of Plaintiff by Defendants for pain, suffering and humiliation caused by Defendants' actions;

C. Compensation of Plaintiff by Defendants' policies and/or practices alleged herein violated the Age Discrimination in Employment Act of 1967 (Pub. L. 90-202) (ADEA), as amended, as it appears in volume 29 of the United States Code, beginning at section 621. The ADEA prohibits employment discrimination against persons 40 years of age or older. The Older Workers Benefit Protection Act (Pub. L. 101-433) amended several

sections of the ADEA. In addition, section 115 of the Civil Rights Act of 1991 (P.L. 102-166) amended section 7(e) of the ADEA (29 U. S.C. 626(e));

D. Injunctive relief, ordering Defendant to end all of the illegal practices alleged herein;

E. Judgment for any and all applicable civil penalties;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable Attorney's fees and all costs connected with this action; and,

G. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: January 8, 2018

Respectfully submitted,

By: _____
Rodger Ziolkowski
Rodger.Ziolkowski@gmail.com
106 Robert Road
Wyomissing, PA 19610
M: (610) 223-4320